Peter Rukin, SBN 178336
Valerie Brender, SBN 298224
**RUKIN HYLAND DORIA & TINDALL LLP**
100 Pine Street, Suite 2150
San Francisco, CA 94111
Telephone: (415) 421-1800
Facsimile: (415) 421-1700
*prukin@rhdtlaw.com*
*vbrender@rhdtlaw.com*

Aaron Kaufmann, SBN 148580
Beth Ross, SBN 141337
Elizabeth Gropman, SBN 294156
**LEONARD CARDER, LLP**
1330 Broadway, Suite 1450
Oakland, CA 94612
Telephone: (510) 272-0169
Facsimile: (510) 272-0174
*akaufmann@leonardcarder.com*
*bross@leonardcarder.com*
*egropman@leonardcarder.com*

*Attorneys for PLAINTIFFS*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIOVANNI MARTINEZ, JOSE ALMENDARIZ, JAMES KING, MARTIN SALAZAR, and HUMBERTO LOPEZ,<br><br>           Plaintiffs,<br><br>     v.<br><br>FLOWERS FOODS, Inc., FLOWERS BAKING CO. OF CALIFORNIA, FLOWERS BAKING CO. OF HENDERSON, FLOWERS BAKERIES BRANDS, Inc., and DOES 1 through 10, inclusive,<br><br>           Defendants. | Case No. 2:15-cv-05112 RGK(Ex)<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 3 RE TESTIMONY OF JOSEPH KROCK, PH.D.**<br><br>Complaint Filed: July 7, 2015<br>Jury Trial Date: August 2, 2016<br>Pretrial Conf.: July 18, 2016 |

1. PLEASE TAKE NOTICE that before trial and selection of the jury in the above-entitled matter, Plaintiffs move for an order to preclude testimony from Joseph Krock, Ph.D regarding the value of Plaintiffs' routes and any comparison of effective hourly rates between Plaintiffs and employee-classified drivers in the industry.

This Motion is made pursuant to Federal Rules of Evidence 401-403 and 702, and based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the accompanying supporting Declaration of Peter Rukin and its exhibits, the complete files and records in this action, and on such oral and documentary evidence as may be presented at or before the hearing of this Motion.

DATED:  June 17, 2016    LEONARD CARDER

By: /s/ Aaron Kaufmann
AARON KAUFMANN
*Attorneys for PLAINTIFFS*

RUKIN HYLAND DORIA & TINDALL

By: /s/ Peter Rukin
PETER RUKIN
*Attorneys for PLAINTIFFS*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants should be precluded from introducing testimony from their expert witness Joseph A. Krock, Ph.D.[1]  As discussed below, Krock's opinions regarding route value set forth in his Fed. R. Civ. P. 26(a)(2) Report ("Report")[2] should be excluded because (1) they are not relevant to any issue in the case or the proper subject of expert testimony; and (2) they are entirely speculative, not the product of reliable principles and methods, and not grounded in facts or data.  In addition to lacking probative value, Krock's analysis of the comparative wages of Plaintiffs and employee-classified drivers is analytically flawed, inherently unreliable, and should be excluded.

## II. ARGUMENT

### A. Legal Standard

Expert testimony is admissible only when it will assist the jury in understanding the case.  The Ninth Circuit has identified four criteria to apply in determining whether the expert testimony will assist the jury: "(1) qualified expert; (2) proper subject; (3) conformity to a generally accepted explanatory theory; and (4) probative value compared to prejudicial effect." *United States v. Amaral*, 488 F.2d 1148, 1153 (9th Cir.1973).

As this Court has observed, it "has the authority and responsibility to exclude expert testimony that is speculative or unreliable."  *Venture Corp. v. Wherify Wireless, Inc.*, 2005 WL 5960919 at *1 (C.D. Cal. Sept. 23, 2005) (Klausner, J.), citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993).  The district

---

[1] **As the parties' Stipulation for Bifurcated Trial provides that the testimony of Dr. Krock will not be presented at the liability phase, the Court need not decide this motion should it grant the parties' request to bifurcate liability and damages phases.  A special master may take up the issue of Dr. Krock's testimony (including its admissibility and weight) at the damages phase.**

[2] Dr. Krock's report is attached as Exh. A to the supporting Declaration of Peter Rukin ("Rukin Decl.") filed herewith.

court has broad latitude in making this reliability determination, and "the offering party has the burden of showing that the expert testimony meets the requirements of Rule 702." *Venture Corp.*, 2005 WL 5960919 at *1, citing *In re Silicone Gel Breasts Implants Products Liability Litigation*, 318 F.Supp.2d 879, 889 (C.D.Cal.2004).

As discussed below, Defendants cannot make this showing with respect to Dr. Krock.

### B. Krock's Testimony is More Prejudicial than Probative

Dr. Krock's testimony regarding the supposed value of Plaintiffs' routes should be excluded because it has no bearing on Plaintiffs' claims or Defendants' defenses, and is thus inherently more prejudicial than probative. As a preliminary matter, Defendants have stipulated and represented to Plaintiffs and the Court that they only intend to introduce Krock's testimony on the issue of damages, to support their contention that the alleged increase in the value of their routes should be applied to offset any damages Plaintiffs are awarded with respect to their substantive Labor Code claims. (ECF Dkt. No. 56 at pp. 3-4). In other words, Defendants represent that they only intend to introduce Krock's testimony for issues related to damages that would need to be decided should Plaintiffs be found to be Defendants' employees.

Krock's testimony is definitionally non-probative for two reasons. First, Krock admits that his opinion regarding valuation of Plaintiffs' routes "assumes a continuing independent contractor model," and that "a finding of employment status would render these territories valueless." Report at 6, n. 2. However, because damages will only be calculated in the event that the jury determines that Plaintiffs were and are Defendants' employees, Krock's opinion under those circumstances— that the route value is zero—renders his damages testimony meaningless. Though utterly non-probative on the issue of damages, allowing Krock to offer his opinion about current route value in a non-bifurcated proceeding would be extremely prejudicial because a jury may mistake it for testimony regarding the ultimate legal

3

issue of whether Plaintiffs are employees. *See In re FedEx Ground Package System, Inc. Employment Practices Litigation*, 2010 WL 1838400, * 5 (N.D. Ind. 2010) ("Whether the contract allows FedEx to control the manner and means of the work is a legal question for the court and isn't the proper subject of expert testimony"); *Perez v. Seafood Peddler of San Rafael, Inc.*, 2014 WL 2810144, *3 (N.D. Cal 2014) ("While Mayfield may testify as a lay witness about his personal knowledge of Seafood Peddler's practices, he may not opine at all on whether anyone who has worked for Seafood Peddler is an employee or an independent contractor"); *Geter v. Galardi South Enterprises Inc.*, 2015 WL 2155721, * 5 (S.D. Fla. 2015) ("[W]hether Plaintiffs are independent contractors is a question of law and is not the proper subject of expert opinion").

Second, even if Krock had not already admitted his opinion regarding the relevance of route value is meaningless once employment status is found, Plaintiffs are aware of no authority that permits an employer to avoid its obligations to reimburse employees for incurred business expenses, pay them for missed meal and rest periods, or comply with an award of wage statement penalties by deducting the value of some other benefit that has allegedly been conferred on the employees. Indeed, such an approach is utterly incompatible with California law.  According to the California Supreme Court, in order to receive an offset against reimbursable business expenses, an employer must *expressly designate* such payments as reimbursement for expenses.  *See Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal.4th 554, 574 (2007) ("an employer who uses salary and/or commission increases to discharge its reimbursement obligation must also communicate to its employees the method or basis for apportioning any increases in compensation between compensation for labor performed and business expense reimbursement.  Such a requirement, as noted, is necessary for effective enforcement of section 2802's reimbursement provisions and, thus, implicit in the statutory scheme.")

Here, the purported appreciation in route value (even were it were not utterly

4

speculative and irrelevant) is indisputably not a *payment* by Flowers to Plaintiffs. Thus, there is no legal basis to treat it as an offset against monies that Flowers owes Plaintiffs under Labor Code § 2802 as reimbursement for business expenses that Plaintiffs incurred in the performance of their duties. Nor is there any legal basis to allow such alleged appreciation to offset the premium wages that Flowers owes Plaintiffs for meal and rest breaks it failed to provide them.  Under Defendants' theory, unrelated conferred benefits like stock options or vested pension benefits would need to be valued and treated as an offset against a damage award in a wage and hour case like this one.  Defendants' novel theory is unsupported by case law, the text of the applicable statutes, or the policies underpinning California's employee protection laws.

Because the Krock testimony that Flowers offers is irrelevant to the issue of Plaintiffs' damages, it is more prejudicial than probative and should be excluded.

### C. Even Were It Relevant or More Probative Than Prejudicial, Krock's Testimony is Speculative, Unreliable, and Not Grounded in Facts or Data

In his report, Dr. Krock says that the task assigned to him by Flowers was to "review and calculate the value of the territories owned by each plaintiff to determine whether the ownership of a territory is an asset from which each plaintiff could gain or lose value based on the performance of each territory."  Report at 5. Krock then proceeds to opine about the value of each territory, based on "both relative valuation techniques [i.e., ratio analysis] and discounted cash flow analysis."

According to Krock, the relative valuation technique is based on a weekly sales volume ratio provided by Flowers (13 times sales volume) set forth in the Distribution Agreement.[3]  However, Krock's valuation conclusion is based on a

---

[3] In his report, Krock also testified regarding an alternative method of valuation based on open market prices for territories with Flowers. *See* Report, ¶¶ 21-22. However, Flowers has agreed not to introduce evidence regarding this method of valuation. Rukin Decl., ¶ 4.

misreading of the Distribution Agreement.  The Distribution Agreement does not guarantee that Plaintiffs can return the route to Flowers for payment of 13 times weekly sales volume. Rather, it provides that a "repurchase at thirteen (13) times the average weekly sales volume" will only occur in the event Flowers "for legitimate business reasons, ceases to use distributors to distribute Products" in the market--an event that Krock testifies is not currently foreseeable.  *See* Distribution Agreement, ¶ 3.1[4]; Report, ¶ 25 ("There are no indicators that Flowers will be ceasing its operations in the near term").

Finally, Krock's opinion comparing the effective hourly rates of Plaintiffs with the hourly rates of employee-classified drivers in the industry (*See*, e.g., Report ¶¶ 41-47) is both irrelevant and unreliable.  It is non-probative because it has no bearing on the values of Plaintiffs' expense reimbursement or deduction claims or how much they would be owed for meal and rest period violations.  And it is unreliable because it fails to take into account the value of employee benefits that those employee-classified drivers receive, including pension benefits and health and welfare benefits (like medical insurance).  Krock's apples-to-oranges comparison of "hourly rates" is meaningless, probative of nothing, and should be excluded.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs ask the Court to preclude testimony from Joseph Krock regarding the following matters: the value of Plaintiffs' routes; and any comparison of effective hourly rates between Plaintiffs and employee-classified drivers in the industry.

---

[4] See Rukin Decl., Exh. B.

DATED: June 17, 2016             LEONARD CARDER

                                 By: /s/ Aaron Kaufmann
                                     AARON KAUFMANN
                                     *Attorneys for PLAINTIFFS*

                                 RUKIN HYLAND DORIA & TINDALL

                                 By: /s/ Peter Rukin
                                     PETER RUKIN
                                     *Attorneys for PLAINTIFFS*